UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NIKHIL DHIR | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:19-CV-179 (VLB) |
| | : | |
| KRISTAN PETERS-HAMLIN | : | |
| PETERS HAMLIN LAW, LLC | : | |
|    *Defendants.* | : | January 30, 2020 |

## RULING ON MOTION FOR PROTECTIVE ORDER AND SANCTIONS [Dkt. 38] and MOTION FOR SANCTIONS AND TO COMPEL DEPOSITION OF THE PLAINTIFF [Dkt. 39]

Defendant Attorney Kristan Peters-Hamlin ("Peters-Hamlin") was scheduled to take the deposition of Plaintiff Nikhil Dhir ("Dhir") at her Norwalk, Connecticut law offices on January 27, 2020.[1] The night before, Peters-Hamlin emailed Dhir's counsel, Attorney Suzanne Sutton, to let her know that Peters-Hamlin was vomiting and to ask that Dhir's deposition be rescheduled to a day later, January 28, 2020. Sutton responded that she agreed that the deposition on January 27, 2020 should be canceled, and that the parties would have to find another later date as she and her client were not available on January 28, 2020 or any other day this week. Over the next twenty-four hours, Dhir and Peters-Hamlin each alternated between asking that the January 27, 2020 deposition be reestablished and refusing the request for a variety of reasons: fear of contagion, absence of court reporter, and rescheduled flight times.

---

[1] The Court relies on the undisputed facts in the parties' motions and exhibits to the motions for this background.

1

Dhir and Defendants have each filed a motion requesting that the opposing party be sanctioned for the non-occurrence of the scheduled deposition and also requesting additional relief. [Dkt. 38 (Mot. for Protective Order, for Sanctions, for Written Dep.)], [Dkt. 39 (Mot. for Sanctions and to Compel Dep.)]. For the reasons that follow, the Court DENIES both motions for sanctions and the motion for a protective order.[2] The Court GRANTS Defendants' motion for a one-month extension of the discovery deadline.

I. Discussion

A. *Dhir's Motion for Protective Order and Sanctions [Dkt. 38]*

Dhir seeks sanctions under Rule 30(d)(2), which provides:

> "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.

Fed. R. Civ. P. 30(d)(2). The Court has discretion when deciding whether to impose sanctions on the basis of Rule 30(d)(2). *Edwards v. Wilkie*, No. 16CV8031LTSOTW, 2019 WL 5957171, at *2 (S.D.N.Y. Nov. 13, 2019). In this case, the Court finds that Peters-Hamlin's request to reschedule the deposition because she was vomiting the night before was reasonable and was not made for the purpose of impeding, delaying, or frustrating the examination. It therefore declines to impose sanctions on Defendants.

---

[2] The Court finds that there is good cause to rule on these motions before the expiration of the period for filing opposition papers in light of the upcoming discovery deadline. D. Conn. L. Civ. R. 7(a)(4).

Dhir also seeks a protective order under Federal Rule of Procedure Rule 26(c) allowing Dhir to be deposed by written questions or video conference. [Dkt. 38-1 (Mem. Supp. Mot. for Protective Order) at 5-6]. He does not provide any argument for good cause as required by Rule 26(c), and the Court does not find good cause. Dhir brought his action in Connecticut, so "but for [his] proof of undue burden or prejudice, the presumption is that [Peters-Hamlin] may take [his] deposition within the jurisdiction." *Hui Wang v. Omni Hotels Mgmt. Corp.*, No. 3:18-CV-2000 (CSH), 2019 WL 2083296, at *9 (D. Conn. May 13, 2019) (denying motion for deposition by teleconference where plaintiff would need to travel to Connecticut from China).

Therefore, the Court DENIES Dhir's Motion for Protective Order and Sanctions. [Dkt. 38].

### B. *Defendants' Motion for Sanction and to Compel Deposition [Dkt. 39]*

Defendants seek sanctions under Rule 37(d)(1). Rule 37(d) provides:

> (1) The court where the action is pending may, on motion, order sanctions if:
>> (i) a party or a party's officer, director, or managing agent—or a person designated under **Rule 30(b)(6)** or **31(a)(4)**—fails, after being served with proper notice, to appear for that person's deposition; or
>
> …
>
> (3) *Types of Sanctions.* Sanctions may include any of the orders listed in **Rule 37(b)(2)(A)(i)**—(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d). Because Dhir failed to appear at his scheduled deposition, sanctions are mandatory under Rule 37 unless he shows that his "failure is justified

or that special circumstances make an award of expenses unjust." *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008). The Court finds Dhir's description of his reasoning in his memorandum supporting his motion for a protective order, [Dkt. 38-1], suffices to show "special circumstances for his failure to appear that make an award of expenses unjust:" Peters-Hamlin put the deposition schedule into question, Dhir and Sutton were concerned about contracting a contagious virus, and Dhir ultimately changed his travel plans in reliance on Peters-Hamlin's representation that no court reporter was available. *Id.* Therefore, the Court DENIES Defendants' motion for sanctions.

As stated above, the Court agrees that Defendants may depose Dhir in person in Connecticut. Moreover, in light of the unexpected disruption of the deposition schedule, the Court extends the discovery deadline by one month.

## II.    Conclusion and Orders

The Court DENIES both motions for sanctions, and the motion for a protective order. Dhir must appear in person for his deposition. In light of the unexpected disruption of the deposition schedule, the Court GRANTS Defendants' motion for a one-month extension of the discovery deadline. An amended scheduling order will follow.

SO ORDERED.

_____/s/_____
**District Judge Vanessa L. Bryant**

Dated: January 30, 2020 at Hartford, Connecticut